UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER P. PROBST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br> v. <br><br> LAW OFFICES OF HOWARD LEE SCHIFF, P.C. and STEPHEN A. WIENER, <br><br> Defendants | CLASS ACTION COMPLAINT <br><br><br> TRIAL BY JURY DEMANDED <br><br><br> JULY 18, 2012 |

## I. INTRODUCTION

1. The Plaintiff brings this suit on behalf of himself and all those similarly situated in Connecticut (the "Class") against Law Offices of Howard Lee Schiff, P.C. ("Schiff"), a professional corporation that engages in debt collection, and Stephen A. Wiener, an attorney at that firm.  Plaintiff, on behalf of himself and the class, alleges that the defendants, in connection with its attempts to collect perhaps hundreds of consumer debts, made false and deceptive statements and acted unfairly in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Plaintiff brings this class action in accordance with the FDCPA, 15 U.S.C. § 1692, *et seq*.  *See* 15 U.S.C. § 1692k(a)(2)(B) and (b)(2).

## II. PARTIES

3. The Plaintiff, Christopher Probst, is a natural person residing in Redding, Connecticut.

4. Schiff is a Connecticut professional corporation and a debt collection law firm with a principal place of business in East Hartford, CT, and it is a debt collector within the meaning of the FDCPA.

5. Wiener is a Connecticut resident and an attorney who practices law at Schiff, and he is a debt collector within the meaning of the FDCPA.

### III.  JURISDICTION

6. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and Fed. R. Civ. P. 23.

7. Venue in this Court is proper, as the parties are all located in Connecticut and the conduct that is the subject of this litigation occurred within this State.

### IV.  FACTUAL ALLEGATIONS REGARDING THE PLAINTIFF

8. On April 12, 2011, the Connecticut Appellate Court issued a decision in *Discover Bank v. Mayer,* 127 Conn. App. 813 (2011), holding that "a decision to deny or grant post judgment interest is primarily an equitable determination and a matter lying within the discretion of the trial court."

9. The appellant in that matter, Discover Bank, was represented by the defendant Schiff.

10. In its ruling, the Appellate Court rejected the appellant's argument, advanced by Schiff, that when installment payments have been ordered by the court, the accrual of interest is mandatory pursuant to Conn. Gen. Stat. § 52-356d(e) and not discretionary with the trial court pursuant to Conn. Gen. Stat. § 37-3a.

11. This ruling was later adhered to by a decision of the Connecticut Supreme Court in which Schiff was a party. *See Ballou v. Law Offices Howard Lee Schiff, P.C.* 304 Conn. 348 (2012).

12. In or around May 2011, Discover Bank commenced a civil action against Plaintiff in order to collect a consumer debt, which action was returnable to the Superior Court at Danbury, with a return date of May 24, 2011 (Discover Bank v. Probst, CV 11-6006496).

13. A judgment entered on that suit pursuant to a stipulation of the parties on November 17, 2011.

14. The Superior Court did not order an award of post judgment interest.

15. On or about November 17, 2011, Weiner, acting on behalf of Schiff, sent Plaintiff a letter regarding the judgment.

16. The letter enclosed a copy of a judgment lien that Schiff sent to the Redding Town Clerk for recording on or shortly after November 17, 2011.

17. The judgment lien, which was signed by Weiner on behalf of Schiff and filed with the Redding Town Clerk upon Plaintiff's property, stated that "Said judgment remains unsatisfied; the current balance due is $6,287.71 plus costs **and judgment interest,** if applicable. [emphasis added]

18. The judgment lien further stated that the judgment had entered on October 30, 2010, more than one year prior to the entry of judgment.

19. In the letter, Wiener stated: "The lien can only be removed when the judgment balance, including any statutory interest, pursuant to C.G.S. Sec. 37-3a and

3

Sec 52-536d(e) is paid in full.  **Interest accrues at 10% per annum on the unpaid judgment balance."**  [emphasis added]

20. Wiener is responsible for post judgment collections within Schiff, and he routinely signs judgment liens that are prepared for him by non-attorney staff members.

## V. CLASS ALLEGATIONS

21. Plaintiff brings this action as a class action.  The Class is comprised of individuals who are similarly situated to the Plaintiff in that, during the period commencing one year prior to the filing of this action, they:

   a. Had been sued in Connecticut state court by a creditor represented by Schiff on account of a consumer debt;

   b. Judgment entered against them on the debt without an explicit order granting post judgment interest; and

   c. Schiff sent them a letter stating "Interest accrues at 10% per annum on the unpaid judgment balance" or comparable language that could lead the least sophisticated consumer to believe post judgment interest was accruing on the judgment against him.

22. Additionally, the letters sent to Plaintiff and to all or some of the class members were signed by or sent in the name of Wiener, who was responsible for their content.

23. Plaintiff and some or all of the class members also have claims by virtue of the filing of judgment liens on their property that included language indicating that the current balance due included judgment interest.

4

24. Plaintiff and some or all of the class members also have claims by virtue of the filing of judgment liens on their property that stated that the date of judgment was more than one month prior to the entry of judgment.

25. Plaintiff may amend the class definition and complaint to set forth one or more subclasses as may be deemed necessary and appropriate following revelation of the composition of the class by the defendants in discovery.

26. The proposed class is so numerous that joinder of all members would be impracticable.  Plaintiff is unable to state the precise number of class members, because that information is exclusively in the possession of defendants and is readily available through discovery.  Plaintiff believes, and on that basis alleges, that the class numbers several hundred or more.

27. There is a community of interest among the members of the proposed class in that there are questions of law and fact common to the proposed class that predominate over questions affecting only individual members.  Specifically, the question of whether the defendants' conduct violated the Fair Debt Collection Practices Act predominates over any questions that apply only to individual class members.

28. Plaintiff's claims are typical of the class that he seeks to represent.

29. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

30. A class action is superior to other methods for the fair and efficient adjudication of the controversy. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications and could create incompatible standards of conduct for the defendants.

Moreover, because most class members are unaware of the defendants' violations, they are unlikely to bring an independent action, and a class action is the only way that defendants' conduct can be rectified.

### VI.  CLAIM FOR RELIEF

31. Defendants' conduct violated the Fair Debt Collection Practices Act. Specifically, and without limitation, defendants violated 15 U.S.C. § § 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f, and 1692f(6).

32.  Pursuant to 15 U.S.C. § 1692k, defendants are liable to the Plaintiff for his damages plus additional damages of up to $1,000, and they are liable to the class members for such damages as the Court may award up to the lesser of 1% of their net worth or $500,000.

WHEREFORE, the Plaintiff and the Class Members seek recovery of monetary damages, statutory damages, costs and attorney's fees pursuant to 15 U.S.C. § 1692k, and such other relief as this Court deems appropriate.

**PLAINTIFF, CHRISTOPHER PROBST,
Individually, And On Behalf Of The Class,**

By: /s/ Daniel S. Blinn
    Daniel S. Blinn, Fed Bar No. ct02188
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Road
    Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408  Fax. (860) 571-7457